1
2
3
4
5
6
7                      UNITED STATES DISTRICT COURT
8                     CENTRAL DISTRICT OF CALIFORNIA
9
10  REGINA RENE ROBERTSON,            )   No. CV 13-7780 FFM
                                      )
11              Plaintiff,            )   MEMORANDUM DECISION AND
                                      )   ORDER
12         v.                         )
                                      )
13  CAROLYN W. COLVIN, Acting         )
    Commissioner of Social Security,  )
14                                    )
                Defendant.            )
15  _____  )
16              **PROCEEDINGS IN THIS COURT**

17         Plaintiff seeks to overturn the decision of the Commissioner of the Social

18  Security Administration denying her application for Disability Insurance benefits.  The

19  parties have consented to the jurisdiction of the undersigned United States Magistrate

20  Judge pursuant to 28 U.S.C. § 636(c).

21

22              **STANDARD OF REVIEW**

23         Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to

24  determine whether the Commissioner's findings are supported by substantial evidence

25  and whether the proper legal standards were applied.  *DeLorme v. Sullivan*, 924 F.2d

26  841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but

27  less than a preponderance.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420,

28  28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d

573, 575-76 (9th Cir. 1988).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.  This Court must review the record as a whole and consider adverse as well as supporting evidence.  *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986).  Where evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld.  *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).  However, even if substantial evidence exists in the record to support the Commissioner's decision, the decision must be reversed if the proper legal standard was not applied.  *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014-15 (9th Cir. 2003); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

## CONTENTIONS

Plaintiff raises four issues:

1.    Whether the ALJ properly found that plaintiff's mental impairment is not severe;

2.    Whether the ALJ erred in failing to account for plaintiff's obesity;

3.    Whether the ALJ's residual functional capacity assessment is supported by substantial evidence; and

4.    Whether the Appeals Council erred by failing to associate additional documentation with plaintiff's file.

## DISCUSSION

1.    The proper rating of plaintiff's mental impairment.

In the decision, the ALJ found that plaintiff suffered from a mental impairment, depression, but that the impairment was not severe.  (AR 18.)  Plaintiff contends that the ALJ erred in finding the impairment not to be severe and in failing to account for the impairment in plaintiff's residual functional capacity ("RFC").

/ / /

/ / /

1   "An impairment or combination of impairments can be found 'not severe' only if
2   the evidence establishes a slight abnormality that has 'no more than a minimal effect on
3   [a claimant's] ability to work.'"  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)
4   (citing Social Security Ruling 85-28 and *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir.
5   1988)); 20 C.F.R. §§ 404.1521(a), 416.921(a) ("An impairment or combination of
6   impairments is not severe if it does not significantly limit [the claimant's] physical or
7   mental ability to do basic work activities").  Where there is a colorable claim[1] of a
8   mental impairment, the ALJ must evaluate the impairment by
9   following specific steps set forth in the Social Security regulations.  20 C.F.R. §§
10  404.1520a(a), 416.920a(a).

11      First, the ALJ must determine whether the claimant has a "medically
12  determinable impairment."  If the ALJ finds an impairment, he or she must set forth the
13  evidence substantiating the presence of the impairment. 20 C.F.R. §§ 404.1520a(b)(1),
14  416.920a(b)(1).  Here, the ALJ found that plaintiff suffered from the "medically
15  determinable mental impairment of depression."  (AR 18.)

16      Second, the ALJ must utilize the so-called "psychiatric review technique" in
17  order to determine the severity of the alleged mental impairment.  Under the technique,
18  adjudicators assess a claimant's mental restrictions in four broad functional areas:
19  activities of daily living; social functioning; concentration, persistence, or pace; and
20  episodes of decompensation.[2]  20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3).  In
21  evaluating the first three areas, the ALJ must use a five-point scale ("[n]one, mild,

---

23      [1] A claim is "colorable" if it is not "wholly insubstantial, immaterial, or
24  frivolous."  *Rolen v. Barnhart*, 273 F.3d 1189, 1191 (9th Cir.2001) (citations omitted).
    By finding that plaintiff suffered from a medically determinable mental impairment
25  (AR 18), the ALJ impliedly found that plaintiff's claim of mental impairment was
26  "colorable."

27      [2] Episodes of decompensation are exacerbations of or temporary increases in
    symptoms or signs, accompanied by a loss of adaptive functioning.  20 C.F.R. Part
28  404, subpt. P, app. 1, § 12:00(C)(4).

moderate, marked, and extreme"). *Id.* at §§ 404.1520a(c)(4), 416.920a(c)(4).  In rating

the episodes of decompensation, the ALJ must use a four-point scale ("[n]one, one or

two, three, four or more").  *Id.*  If the adjudicator finds that the claimant had no episodes

of decompensation and only mild limitations (or none at all) in the other functional

areas, the adjudicator will "generally" conclude that the mental impairment is not

severe.  20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1).  Moderate limitations are

sufficient to meet the "severe impairment" standard.

     Here, the ALJ analyzed the four functional areas, as follows:

> The first functional area is activities of daily living.  In this area, the
> claimant has mild limitation.  She is able to make her bed, vacuum, and
> take the kids to school.  (Exhibits 10E/1, 4E/2 and Hearing Testimony).
> Also, she is able to go out alone and drive.  (Exhibit 10E/4 and Hearing
> Testimony).  The next functional area is social functioning.  In this area,
> the claimant has mild limitation.  She stated she spends time with others
> when her friends visit her.  (Exhibit 10E/5).  The third functional area is
> concentration, persistence or pace.  In this area, the claimant has mild
> limitation.  During the psychiatric evaluation, she was clearly able to
> perform mathematical operations involving the counting of money.  She
> was calm and not restless.  She was directable, focused, and not
> distractible.  Her eye contact was fair, her speech was spontaneous and
> fluent, and while her attention and immediate recall were slightly
> diminished, her past memories were fairly intact.  Her thought content,
> thought process, and insight and judgment were fair.  (Exhibit 2F/3-4).
> The fourth functional area is episodes of decompensation.  In this area, the
> claimant's medical records do not show she has experienced any episode of
> decompensation of extended duration.  In fact, the claimant testified she
> has not sought psychiatric counseling or treatment.  (Hearing Testimony).

AR 18.

1    Plaintiff contends that the ALJ did not properly reject certain functional

2    limitations found by the consultative examining psychiatrist.  Specifically, Dr.

3    Goldstein performed a psychiatric consultative examination and opined that plaintiff

4    had marked impairments in her ability to maintain focus and concentration and in her

5    ability to interact with the public.  (AR 423.)  The remainder of Dr. Goldstein's

6    evaluation showed good functioning ability in all areas.  The report also quoted

7    plaintiff's description of her complaints.

8    The opinion of an examining physician is entitled to greater weight than the

9    opinion of a nonexamining physician.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

10   1995); *Gallant v. Heckler*, 753 F.2d 1450, 1454 (9th Cir. 1984).  The Commissioner

11   must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of

12   an examining physician.  *Lester*, 81 F.3d at 830.  Even if contradicted by another

13   doctor, the opinion of an examining physician may only be rejected for specific and

14   legitimate reasons that are supported by substantial evidence in the record.  *Id.* at 830-

15   31; *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

16   The ALJ accepted the State Agency assessment and rejected Dr. Goldstein's

17   limitations, as follows:

18      Great weight was also given to the State Agency mental assessment

19      (Exhibit 4F), because while it is inconsistent with Estelle Goldstein,

20      M.D.'s opinion, it is consistent with her examination findings, which were

21      essentially unremarkable.  Also, the State Agency assessment is consistent

22      with the claimant's allegations that she spends time with others and has not

23      sought any psychiatric counseling or treatment.  Little weight was given to

24      the opinion of Dr. Goldstein, because it is inconsistent with her own

25      findings, with the claimant's allegations and testimony, and it apparently

26      relied quite heavily on the subjective report of symptoms and

27   / / /

28   / / /

5

1    limitations provided by the claimant, and seemed to uncritically accept as
2    true most, if not all, of what the claimant reported.  (Exhibit 2F).
3  AR 21.
4         The State Agency physician concluded:
5         The psychol CE of 4/26/11 is the only evidence applicable to the
6         impairment.  This CE finds the dx of Major Depression, but the MSS finds
7         her able to perform complex tasks with only mild limitations.  It finds her
8         able to respond to coworkers and supervisors, and to adapt to work
9         stressors.  The MSS states that the claimant would be "markedly" impaired
10        in ability for focus and concentration, as well as dealing with the public.
11        These limits are completely unsupported by the record in general, and even
12        by the content of the CE itself which found the claimant's attention and
13        immedicat recall only "slightly diminished" in the exam, and which saw a
14        pleasant, cooperative and appropriate claimant with no history of
15        interpersonal problems.  Additionally, the claimant's ADLs do not indicate
16        significant problems with concentration or focus, or with social interaction.
17 AR 439
18        Whether or not the State Agency, non-examining physician's statement could be
19 construed as substantial evidence, the rationale is consistent with the ALJ's findings
20 that limitations found by Dr. Goldstein were neither supported by the record in general
21 nor by Dr. Goldstein's objective findings.  These findings constitute clear and
22 convincing reasons for rejecting the "marked" limitations opined by Dr. Goldstein.
23 Therefore, remand is not required with respect to this issue.
24 / / /
25 / / /
26 / / /
27 / / /
28

6

2.    <u>Plaintiff's obesity</u>.

Plaintiff contends that, although the ALJ noted plaintiff's obesity, she did not properly account for any additional limitations caused thereby.  However, as defendant points out, nothing in the record supports any additional limitations, whether or not caused by plaintiff's obesity.  Therefore, remand is not required.

3.    <u>The RFC</u>.

Plaintiff contends that the RFC found by the ALJ is not supported by substantial evidence, that it ignores plaintiff's use of a cane, that it ignore plaintiff's fatigue, and that it fails to take into account the testimony of a third party.

However, the ALJ based her finding of plaintiff's RFC on the medical records and opinions of physicians.  The record does not support limitations greater than those found by the ALJ.  In addition, the ALJ discounted plaintiff's testimony.  Plaintiff has not challenged those findings and the record does not otherwise support restrictions based on the use of a cane or general fatigue.

With respect to the third party witness, the Social Security regulations provide that the ALJ "may . . . use evidence from other sources to show the severity of [an individual's] impairment(s) and how it affects [his] ability to work."  20 C.F.R. §§ 404.1513(d), 416.913(d).  In turn, the Ninth Circuit has repeatedly held that "[d]escriptions by friends and family members in a position to observe a claimant's symptoms and daily activities have routinely been treated as competent evidence." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987); *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir.1993) (ALJ must consider lay testimony concerning a claimant's ability to work); *Stout v. Commissioner, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006) (same).  This principle applies equally to sworn hearing testimony of witnesses (*see Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996)) as well as to unsworn statements and letters of friends and relatives (*see Schneider v. Commissioner of the Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000)).

/ / /

1   As a general rule, if the ALJ chooses to reject such evidence from other sources,

2   he may not do so without comment (*Nguyen*, 100 F.3d at 1467) and he must provide

3   "reasons that are germane to each witness" (*Dodrill*, 12 F.3d at 919; *see also Smolen*, 80

4   F.3d at 1289 (dismissing witness testimony simply because witness is family member

5   not sufficiently germane to witness)).

6   Here, the ALJ provided the following reasons:

7   Finally, the allegations of Mr. Griffin do not establish that the

8   claimant is disabled.  Since Mr. Griffin is not medically trained to make

9   exacting observations as to dates, frequencies, types and degrees of

10   medical signs and symptoms, or the frequency or intensity of unusual

11   moods or mannerisms, the accuracy of his allegations are questionable.

12   Moreover, by virtue of the relationship as a friend of the claimant, Mr.

13   Griffin cannot be considered a disinterested third party witness whose

14   allegations would not tend to be colored by affection for the claimant and a

15   natural tendency to agree with the symptoms and limitations the claimant

16   alleges.  Most importantly, significant weight cannot be given to Mr.

17   Griffin's allegations because they, like the claimant's, are simply not

18   consistent with the preponderance of the opinions and observations by

19   medical doctors in this case.  (Exhibit 9E).

20   AR 22.

21   Although the ALJ's observation that the third party was a friend of plaintiff's

22   may not have been a proper basis for rejecting the observations, the other reasons

23   posited by the ALJ were germane and therefore sufficient.

24   4.   The record.

25   Plaintiff apparently submitted new evidence to the Appeals Council that was not

26   made part of the record by the Appeals Council.  Plaintiff now seeks remand for the

27   ALJ to consider this new evidence.  However, plaintiff did not submit the new evidence

28   to this Court so it is impossible for the Court to address this issue.  Given plaintiff's

1  failure to properly present this issue, the Court concludes that plaintiff has waived the

2  issue.

3

4  **CONCLUSION**

5  For the foregoing reasons, the decision of the Commissioner is affirmed.

6

7  DATED:  February 11, 2015

8                                          /S/ FREDERICK F. MUMM
                                          FREDERICK F. MUMM
9                                          United States Magistrate Judge